United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY JARVIS,<br>  Plaintiff,<br>v.<br>PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY,<br>  Defendant. | Case No. 17-cv-02409-EMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS**<br><br>Docket No. 38 |

Plaintiff Jeffrey Jarvis has filed a motion for sanctions against a third party, more specifically against the attorney representing Dr. Elliott Carlisle, the surgeon who operated on Dr. Jarvis. Having considered the parties' briefs and accompanying submissions, the Court finds that the dispute may be resolved without oral argument.

Dr. Jarvis's motion for sanctions (both monetary sanctions and a second deposition of Dr. Carlisle) is **DENIED**. There was an inadequate meet and confer prior to Dr. Jarvis filing the motion. Moreover, the dispute could have been resolved had Dr. Jarvis sought the Court's assistance during the deposition rather than waiting to file a motion post-deposition.

Aside from these procedural problems, Dr. Jarvis's motion substantively lacks merit. Dr. Jarvis has failed to show bad faith or conduct tantamount to bad faith which is a requirement for sanctions under 28 U.S.C. § 1927 or for sanctions pursuant to a court's inherent authority. *See, e.g.*, *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (§ 1927); *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001) (court's inherent power). As for sanctions pursuant to Federal Rule of Civil Procedure 30(d)(2), it provides that a "court *may* impose an appropriate sanction – including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P.

30(d)(2) (emphasis added). Even if Dr. Carlisle's counsel could be charged with impeding the deposition, the Court would, in the exercise of its discretion, decline to sanction. The totality of the circumstances weigh against sanctions – *e.g.*, the fact that there are two cases being brought by Dr. Jarvis that involve Dr. Carlisle (*i.e.*, the instant case which is an insurance dispute and a second case in which Dr. Carlisle is a named defendant for medical malpractice); that Dr. Jarvis was asking questions that Dr. Carlisle had already answered (*e.g.*, regarding the cause of Dr. Jarvis's medical condition); and that Dr. Carlisle was being asked to express opinions beyond his treatment of Dr. Jarvis.[1]

Finally, the Court notes that the monetary sanctions sought by Dr. Jarvis are unreasonable. For example, it is not clear why he had two attorneys representing him at the deposition, why his attorneys charged their regularly hourly rates for travel time, why the sanctions motion (which was effectively only four pages long) took four hours to prepare, and why the cost of the deposition transcript should be included as the deposition was not entirely useless. To the extent Dr. Jarvis has asked for a second deposition of Dr. Carlisle, he has failed to identify with specificity what questions he asked that Dr. Carlisle should have answered or what questions he would have asked if the deposition had continued.

To the extent counsel for Dr. Carlisle has also asked for fees as a sanction, the request is also denied. Counsel has failed to cite to any authority in support of the request.

This order disposes of Docket No. 38.

**IT IS SO ORDERED**.

Dated: May 11, 2018

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court does not agree with Dr. Jarvis's claim that he did not ask Dr. Carlisle any questions that would require an expert opinion. *See* Reply at 5. The Court, however, does not address the issue of whether a treating physician not designated as an expert witness under Federal Rule of Civil Procedure 26(a)(2) is entitled to be compensated under the statutory rate or the "reasonable fee" rate. *See Patterson v. Avis Rent a Car Sys.*, 48 F. Supp. 3d 532, 533 (S.D.N.Y. 2014) (taking note of diverging cases on this issue).

2